UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CLAUDETTE NSHIMIYIMANA, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 23-cv-238-MSM-PAS |
| : | |
| NEIGHBORHOOD HEALTH PLAN : | |
| OF RHODE ISLAND, INC. : | |
|     Defendant. : | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Defendant Neighborhood Health Plan of Rhode Island, Inc. for sanctions (ECF No. 32). For the reasons that follow, the motion is granted in part and denied in part.

Based on the parties' written presentations and arguments during the hearing held on May 9, 2025, the Court finds that Plaintiff has refused to cooperate with Defendant's discovery seeking her complete medical history, especially her highly relevant medical/mental health history for the period preceding, during, and after her employment with Defendant. The Court further finds that this refusal to cooperate (including the making of inaccurate representations about what medical treatment has been received) has resulted in significant prejudice to Defendant, which has been impaired in its ability to impeach her claims about the cause and severity of her claimed mental health symptoms and alleged emotional suffering arising from the incidents in issue. The Court further finds that Plaintiff has failed to comply with the Court's text order of December 10, 2024, requiring the production of such records despite the Court's caution that a preclusion order might issue for the failure to comply.

Based on the foregoing, the Court finds that sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) should be imposed but that the sanction sought by Defendant (total preclusion of recovery of any damages based on emotional distress or other medical injury) is too harsh. Instead, focusing on what is sufficient to cure the prejudice imposed on Defendant by Plaintiff's refusal to comply with the Court's discovery order, the Court orders that Plaintiff is precluded from presenting evidence or testifying to any mental or physical symptoms, including the causation and severity of such mental or physical symptoms, except for objective garden variety emotional distress.  In the interest of clarity, Plaintiff may testify and present evidence regarding what happened and what she did in relation to what happened, but not to the severity of the emotional impact on her or to any mental/physical symptoms allegedly caused thereby; instead, the jury shall be instructed to award damages for any emotional injury based on the distress that any healthy, well-adjusted person would likely feel in such circumstance.  Further, to implement this sanction and to protect Defendant from any prejudice arising from its inability (caused by Plaintiff's refusal to provide her complete medical history in compliance with the discovery order) to impeach testimony or evidence giving rise to the inference that the events presented in evidence had a more serious impact on Plaintiff because of her prior mental health conditions, this order contemplates that Defendant may seek a curative jury instruction if appropriate.  To the extent that the motion seeks further relief, it is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 12, 2025